IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANO VEAL,                          §
                                    §
            Plaintiff,              §
                                    §
v.                                  §          No. 3:13-cv-155-N-BN
                                    §
DEBRA KING WALKER,                  §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dano Veal ("Veal" or "Plaintiff") filed this case, proceeding *pro se*,

against Defendant Debra King Walker ("Walker" or "Defendant") on January 14, 2013.

*See* Dkt. No. 3. On January 16, the undersigned entered an order requiring Plaintiff

to file a brief to explain this Court's subject matter jurisdiction over Plaintiff's claims

against Defendant and to show cause why Plaintiff's case should not be dismissed

without prejudice for lack of subject matter jurisdiction. *See* Dkt. No. 6. Plaintiff filed

the requested brief on February 5, 2013. *See* Dkt. No. 7. Having considered the brief

and the applicable law, the undersigned is of the opinion that the Court does not have

jurisdiction over Plaintiff's claims.

**Background**

Plaintiff alleges that he is a citizen of Missouri who is renting a property in

Texas and that his employer assigned Plaintiff to a two-year assignment in Texas. *See*

Dkt. No. 7 at 1. At some point, Plaintiff allegedly entered into a lease agreement with

1

Defendant for a property in Cedar Hill, Texas. *See* Dkt. No. 3 at 1. In September of 2012, Defendant moved into the property that she was leasing to Plaintiff, and the parties entered into a new, oral agreement whereby Plaintiff would no longer pay rent. *See id.* at 3-4. Plaintiff also alleges, however, that his rent was increased in August of 2012. *See id.* at 4. It is unclear from Plaintiff's allegations whether the increased rent amount was ever actually paid. On December 31, 2012, Defendant gave Plaintiff a written letter ordering Plaintiff to vacate the property in three days. *See id.* at 1. Defendant then allegedly changed the locks and refused to provide Plaintiff with a new key, and Plaintiff therefore was unable to enter into the house, despite the in-effect lease. *See id.* at 1-2.

In his Petition for Relief of Illegal Eviction, Breach of Contract, and Harassment ("Petition"), Plaintiff alleges that Defendant wrongfully evicted Plaintiff and his minor children, in violation of the lease agreement between the parties, and that, as a result, Plaintiff suffered damages in the amount of $40,000.00. *See id.* at 1-3. Plaintiff further claims that Defendant breached a contract – the lease agreement – by increasing the rent amount during the lease term, and Plaintiff seeks a "refund" of the "rent amount pro-rated from September 25, 2012 until the Defendant vacates the rental property and residency." *Id.* at 3-4. Plaintiff asserts certain Texas Penal Code violations against Defendant, including false report to a peace officer, *see id.* at 6, harassment, *see id.* at 8, and assault, *see id.* He seeks $150,000.00 in damages for those causes of action. *See id.* at 8. Plaintiff also alleges federal criminal law claims – for mail theft – and claims $1,015.00 in damages. *See id.* at 4-5. Finally, in his Brief Explaining Subject Matter

2

Jurisdiction ("Brief"), Plaintiff asserts that he is bringing a False Claims Act claim against Defendant, alleging Defendant submitted false income tax returns, but Plaintiff did not specify a damage amount in his Petition – or, for that matter, mention the False Claims Act anywhere in his initial filings other than on the Civil Cover Sheet accompanying his Petition. *See* Dkt. No. 3 at 8; Dkt. No. 7 at 3.

In his Brief, Plaintiff argues that there is complete diversity because he is a citizen of Missouri and Defendant is a citizen of Texas and that the amount in controversy exceeds $75,000.00. *See* Dkt. No. 7 at 1. Moreover, Plaintiff claims the case involves federal questions arising under federal law, namely mail theft and the federal False Claims Act. *See id.* at 2-3. The undersigned now turns to these jurisdictional assertions.

## Legal Standard & Discussion

Federal courts "are empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to them by a jurisdictional grant enacted by Congress." *Sarmiento v. Texas Bd. of Veterinary Med. Examiners By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). A federal court's jurisdiction is limited, *id.*, and, unless otherwise provided by statute, federal courts generally may hear a case of this nature only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, *see* 28 U.S.C. §§ 1331, 1332. The party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper, *see Boudreau v.*

3

*United States,* 53 F.3d 81, 82 (5th Cir. 1995), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," FED. R. CIV. P. 12(h)(3).

<u>Diversity of Citizenship</u>

A suit between diverse parties may be adjudicated in a federal forum only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. The party seeking to invoke federal diversity jurisdiction has the burden of proving that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), the United States Supreme Court outlined the general method for measuring the amount in controversy: "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Thus, to determine the amount in controversy, the Court looks first to Plaintiff's complaint. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). And, "in order for a court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury*, 303 U.S. at 289). That Plaintiff may not be able to recover the amount claimed in the pleadings is not a jurisdictional bar; rather, the Court need only be convinced that Plaintiff's claim is made in good faith. *See St. Paul Mercury*, 303 U.S. at 288-89.

In his Petition, Plaintiff pleads damages totaling $191.015.00. *See* Dkt. No. 3 at 9. The bulk of those damages, however, fall under his claims for "[t]he Defendant's

4

harassment towards Plaintiff and the Plaintiff's minor children" in "violation of Texas Penal Code - Section 42.07. Harassment; Verbal Assault and Texas Penal Code - Section 37.08: False Report to Peace Officer or Law Enforcement Employee." *Id.* at 8. But the Texas Penal Code does not create private causes of action. *See Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App. – San Antonio 2002, no pet.) (citing *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App. – Tyler 1996, writ denied); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App. – Houston [1st Dist.] 2001, no pet.). Plaintiff's allegations and causes of action under these provisions therefore fail to state a viable claim for relief. *See Spurlock*, 94 S.W.3d at 658. As these are not viable causes of action, they cannot support a claim of $150,000.00 in damages with any legal certainty.

Subtracting $150,000.00 from the $191,015.00 in damages claimed by Plaintiff, results in a damages claim of $41,015.00, which amount does not meet Section 1332's $75,000 minimum for diversity jurisdiction to exist. Therefore, the undersigned concludes that the Court does not have subject matter jurisdiction based on diversity jurisdiction and must determine whether a federal question exists.

<u>Federal Question</u>

Plaintiff claims that subject matter jurisdiction exists under 28 U.S.C. § 1331 because certain of his claims involve federal questions. *See* Dkt. No. 7 at 2-3. More specifically, Plaintiff asserts that he brings causes of action under 18 U.S.C. § 1708 for mail theft and under the False Claims Act, 31 U.S.C. § 3729 *et seq. See id.*

1.   *Mail Theft, 18 U.S.C. § 1708*

With respect to mail theft, Section 1708 is a criminal statute and does not create a private right of action or authorize a civil action for damages; rather, it only authorizes the federal government to prosecute a criminal charge for a violation of the statute. *See Jones v. Bell Enterps., Inc.*, 781 F. Supp. 483, 484 (E.D. Tex. 1991); *see also Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340, n.20 (9th Cir.1987); *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975) (explaining that "plaintiffs [in a civil action] are not the proper parties to enforce a federal criminal statute"). Having no basis in law for bringing a civil action under Section 1708, federal question jurisdiction over this action cannot exist on this basis.

   2.    *False Claims Act, 31 U.S.C. § 3729 et seq.*

Plaintiff claims that federal question jurisdiction also exists under his False Claims Act claim. While not explicitly bringing a False Claims Act cause of action in his Petition, Plaintiff "checked a box for False Claims Act" on the Civil Cover Sheet and alleges that did so with the intent of bringing a claim under the False Claims Act. Dkt. No. 7 at 3. More specifically, Plaintiff contends that Defendant requested and took without authorization "random high dollar amount retail purchase receipts" from Plaintiff. *Id.* Defendant then allegedly used Plaintiff's receipts to "defraud the IRS to decrease the Defendant's tax liabilities." *Id.* It appears, then, that Plaintiff is attempting to bring a *qui tam* action.

Federal Rule of Civil Procedure 8 mandates that any pleading which sets forth a claim for relief must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. P. 8(a). In cases, such as here, where the

plaintiff is proceeding *pro se*, the petition should be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Notwithstanding the liberal standard applied to *pro se* litigants, Plaintiff has not properly stated a False Claims Act cause of action in his Petition. The undersigned's review of Plaintiff's Petition reveals that Plaintiff failed to include any allegations related to a False Claims Act cause of action. Moreover, nothing in the body of his Petition, nor in the "Relief" section of his Petition, makes even a fleeting reference to a False Claims Act claim. *See* Dkt. No. 3.

Plaintiff also did not abide by any of the procedural requirements for bringing a False Claims Act claim. For instance, Plaintiff did not file the complaint under seal or serve a disclosure statement on the United States Department of Justice. *See* 31 U.S.C. § 3730(b)(2). The only evidence that Plaintiff intended to assert a False Claims Act cause of action was checking the "False Claims Act" box on the Civil Cover Sheet. Merely checking a box on the Civil Claims Sheet, however, is not enough to actually state a claim. *See Buggs v. Delta Airlines, Inc.*, No. 3:06-cv-1217-L, 2006 WL 2041362, at *2 (N.D. Tex. July 21, 2006). At a minimum, Plaintiff must also allege facts supporting the claim in his complaint. *See id.*; *Gallardo v. Enright*, No. 3:07-cv-93-M, 2007 WL 1423860, at *1-*2 (N.D. Tex. May 14, 2007).

In his Brief, Plaintiff details the facts that he alleges constitute his False Claims Act cause of action. *See* Dkt. No. 7 at 3. But Plaintiff included none of these facts in his Petition. *See* Dkt. No. 3. At best, then, Plaintiff's Brief might be construed as a motion

to amend.

In light of Plaintiff's *pro se* status, the undersigned will construe the brief as a motion to amend and analyze whether it should be granted. Under 28 U.S.C. § 1653, parties are permitted to amend defective allegations of jurisdiction. The Fifth Circuit has held that Section 1653 should be broadly construed so that causes of action are not dismissed on purely "technical" or "formal" grounds. *See Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 888-89 (5th Cir. 2000). A motion to amend should be granted if the amended complaint would do no more than state an alternative jurisdictional basis for recovery based on the facts previously alleged. *See id.* But, while federal statutes permit parties to amend defective allegations of jurisdiction, they cannot be used to "create jurisdiction retroactively" where it did not previously exist. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985)). Thus, courts should avoid plaintiffs' attempts to retroactively create jurisdiction by alleging new facts and new grounds for jurisdiction. *See Whitmire*, 212 F.3d at 888-89, 890.

Here, <u>none</u> of the False Claims Act facts Plaintiff alleged in his Brief can be found in his Petition. *See* Dkt. Nos. 3 & 7. The Petition contains no reference to Defendant's requesting or taking Plaintiff's receipts or Defendant's making allegedly fraudulent tax deductions. There is also no reference to the False Claims Act either by statute number or by name. Therefore, if Plaintiff were permitted to amend his pleadings to add a False Claims Act claim, he would be retroactively creating jurisdiction by alleging new facts and new grounds for jurisdiction, which is prohibited.

*See Whitmire*, 212 F.3d at 888-89, 890.

Accordingly, the undersigned concludes Plaintiff's "motion to amend" cannot be granted. Because no False Claims Act cause of action exists, it cannot serve as an anchor for federal question jurisdiction over Plaintiff's action.[1]

## Recommendation

Neither diversity jurisdiction nor a federal question exist in this case. As such, the Court does not have subject matter jurisdiction, and the case should be dismissed without prejudice.[2]

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] Even if the undersigned were to grant Plaintiff's "motion to amend" and find a False Claims Act was properly pleaded, a *pro se* plaintiff cannot bring a *qui tam* action. *See, e.g., U.S. ex rel. Mergent Servs. et al v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004); *U.S. v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951); *Jones v. Park at Lakeside Apartments*, Civ. A. No. H-08-0001, 2008 WL 4820083, *2 (S.D. Tex. Nov.5, 2008); *U.S. ex rel. White v. Apollo Group, Inc.*, No-EP-04-CA-452-DB, 2006 WL 487853, *3 (W.D. Tex. Jan.6, 2006); *Manning v. Pogo Producing Co.*, H-08-2896, 2008 WL 4889032, *1 (S.D. Tex. Nov.12, 2008).

[2] Dismissal for lack of federal subject-matter jurisdiction will not prejudice Plaintiff's ability to re-file this action in state court, so long as this federal action was itself timely filed. *See Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-cv-643, 2010 WL 5644820, at *3 n.6 (E.D. Tex. Dec. 22, 2010).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 6, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

10